ROTHENBERG, J.
(dissenting).
The question we must resolve in this appeal is whether a developer must provide a purchaser with the disclosures required by section 720.401, Florida Statutes (2004), when selling a condominium unit located within a larger development containing both condominium and non-condominium parcels, and where the purchaser is obligated to belong to both a condominium association and a non-condominium homeowners’ association. I conclude that under the above scenario, a developer must provide the purchaser with the disclosures mandated by Chapter 720 because: (1) the purchaser is required to be a member of the homeowners’ association and pay assessments to the homeowners’ association; (2) homeowners’ associations are governed by Chapter 720 and the purchaser will be subject to and protected by the provisions contained in Chapter 720 based on his membership in the homeowners’ association; and (3) Chapter 720 mandates that certain disclosure be provided to every prospective purchaser.
Because the appellee, 360 Developers, LLC (“the Developer”), did not provide these disclosures to the appellant, Florida Farm, LLC, and section 720.401 provides a prospective buyer with a three-day right of rescission after receipt of these disclosures, the trial court erred in dismissing Florida Farm’s complaint with prejudice. I therefore respectfully disagree with the majority opinion, and submit this dissent.
The facts are not in dispute. The 360 project will consist of residential units, condominium units, commercial units, and a marina with boat slips. Everyone who *813 purchases a unit or a boat slip within the 360 project must be a member of the 360 Community Homeowners’ Association (“the Homeowners’ Association”). The rights and obligations of the Homeowners’ Association are set forth in its Declaration. Paragraph C of the Homeowners’ Association’s Declaration specifies that the Homeowners’ Association is governed by Chapter 720 of the Florida Statutes, as does the Homeowners’ Associations’ Bylaws.
Section 720.401(l)(a) requires that each prospective purchaser of property in a homeowners’ association be provided with certain disclosures before executing a contract. Section 720.401, titled “Prospective purchasers subject to association membership requirement; disclosure required; covenants; assessments; contract cancellation,” provides in pertinent part:
(l)(a) A prospective parcel owner in a community must be presented a disclosure summary before executing the contract for sale. The disclosure summary must be in a form substantially similar to the following form:
DISCLOSURE SUMMARY FOR (NAME OF COMMUNITY)
1. AS A PURCHASER OF PROPERTY IN THIS COMMUNITY, YOU WILL BE OBLIGATED TO BE A MEMBER OF A HOMEOWNERS’ ASSOCIATION.
2. THERE HAVE BEEN OR WILL BE RECORDED RESTRICTIVE COVENANTS GOVERNING THE USE AND OCCUPANCY OF PROPERTIES IN THIS COMMUNITY.
3. YOU WILL BE OBLIGATED TO PAY ASSESSMENTS TO THE ASSOCIATION. ASSESSMENTS MAY BE SUBJECT TO PERIODIC CHANGE. IF APPLICABLE, THE CURRENT AMOUNT IS $_ PER _YOU WILL ALSO BE OBLIGATED TO PAY ANY SPECIAL ASSESSMENTS IMPOSED BY THE ASSOCIATION. SUCH SPECIAL ASSESSMENTS MAY BE SUBJECT TO CHANGE. IF APPLICABLE, THE CURRENT AMOUNT IS $_ PER_
4. YOU MAY BE OBLIGATED TO PAY SPECIAL ASSESSMENTS TO THE RESPECTIVE MUNICIPALITY, COUNTY, OR SPECIAL DISTRICT. ALL ASSESSMENTS ARE SUBJECT TO PERIODIC CHANGE.
5. YOUR FAILURE TO PAY SPECIAL ASSESSMENTS OR ASSESSMENTS LEVIED BY A MANDATORY HOMEOWNERS’ ASSOCIATION COULD RESULT IN A LIEN ON YOUR PROPERTY.
6. THERE MAY BE AN OBLIGATION TO PAY RENT OR LAND USE FEES FOR RECREATIONAL OR OTHER COMMONLY USED FACILITIES AS AN OBLIGATION OF MEMBERSHIP IN THE HOMEOWNERS’ ASSOCIATION. IF APPLICABLE, THE CURRENT AMOUNT IS $_PER_
7. THE DEVELOPER MAY HAVE THE RIGHT TO AMEND THE RESTRICTIVE COVENANTS WITHOUT THE APPROVAL OF THE ASSOCIATION MEMBERSHIP OR THE APPROVAL OF THE PARCEL OWNERS.
8. THE STATEMENTS CONTAINED IN THIS DISCLOSURE FORM ARE ONLY SUMMARY IN NATURE, AND, AS A PROSPECTIVE PURCHASER, YOU SHOULD REFER TO THE COVENANTS AND THE ASSOCIATION GOVERNING DOCUMENTS BEFORE PURCHASING PROPERTY.
*814 9. THESE DOCUMENTS ARE EITHER MATTERS OF PUBLIC RECORD AND CAN BE OBTAINED FROM THE RECORD OFFICE IN THE COUNTY WHERE THE PROPERTY IS LOCATED, OR ARE NOT RECORDED AND CAN BE OBTAINED FROM THE DEVELOPER. DATE:
PURCHASER:
PURCHASER:
This “disclosure must be supplied by the developer, or by the parcel owner if the sale is by an owner that is not the developer.” § 720.401(l)(a). Section 720.401(l)(b) provides that all contracts for sale of units or property within a homeowners’ association governed by Chapter 720 must refer to and incorporate this disclosure summary and state in prominent language a warning to the potential purchaser that he should not execute the contract until he has received and read the disclosure summary required by section 720.401(l)(a). Paragraph (c) further provides that if the disclosure summary is not provided to the prospective purchaser before he executes a contract for the sale of property governed by Chapter 720, the purchaser may void the contract. Relevant portions of sections 720.401(l)-(2) provide:
(b) Each contract entered into for the sale of property governed by covenants subject to disclosure required by this section must contain in conspicuous type a clause that states:
IF THE DISCLOSURE SUMMARY REQUIRED BY SECTION 720.401, FLORIDA STATUTES, HAS NOT BEEN PROVIDED TO THE PROSPECTIVE PURCHASER BEFORE EXECUTING THIS CONTRACT FOR SALE, THIS CONTRACT IS VOIDABLE BY BUYER BY DELIVERING TO SELLER OR SELLER’S AGENT OR REPRESENTATIVE WRITTEN NOTICE OF THE BUYER’S INTENTION TO CANCEL WITHIN 3 DAYS AFTER RECEIPT OF THE DISCLOSURE SUMMARY OR PRIOR TO CLOSING, WHICHEVER OCCURS FIRST. ANY PURPORTED WAIVER OF THIS VOIDABILITY RIGHT HAS NO EFFECT. BUYER’S RIGHT TO VOID THIS CONTRACT SHALL TERMINATE AT CLOSING.
(c) If the disclosure summary is not provided to a prospective purchaser before the purchaser executes a contract for the sale of property governed by covenants that are subject to disclosure pursuant to this section, the purchaser may void the contract by delivering to the seller or the seller’s agent or representative written notice canceling the contract within 3 days after receipt of the disclosure summary or prior to closing, whichever occurs first. This right may not be waived by the purchaser but terminates at closing.
(2) This section does not apply to any association regulated under chapter 718, chapter 719, chapter 721, or chapter 723 or to a subdivider registered under chapter 498; and also does not apply if disclosure regarding the association is otherwise made in connection with the requirements of chapter 718, chapter 719, chapter 721, or chapter 723.
Section 720.401 is a consumer protection statute enacted to ensure that purchasers of property subject to homeowners’ associations are informed of certain important facts regarding their obligations as members of a homeowners’ association, including the obligation to pay assessments or fees, without having to read the governing documents. Homeowners’ associations are not-for-profit corporations created pursuant to Chapter 617 and regulated by Chapter 720 for the purpose of owning, managing, maintaining, repairing, and/or *815 replacing the common property of a community. Homeowners’ associations differ from condominium associations in that homeowners’ associations own the common property used by the property owners, whereas condominium associations do not own any real property. Instead, the unit owners own an equal undivided fractional interest in the common elements and the condominium association merely manages and maintains these common elements. Whereas homeowners’ associations are regulated by Chapter 720, which mandates that purchasers of property within a homeowners’ association be provided with specific disclosures, condominium associations are governed by Chapter 718, which does not contain the same disclosure requirement.
Florida Farm purchased a preconstruction condominium unit from the Developer. This condominium unit is located within a larger real estate development containing condominium units and non-condominium units. Florida Farm, as an owner of a condominium unit within the 360 Development, is required to be a member of a condominium association and a member of a homeowners’ association. It is undisputed that the Developer did not provide Florida Farm with the disclosures required by section 720.401(l)(b), and that the mandatory cancellation right disclosure was not included in the purchase agreement executed by Florida Farm. The Developer’s failure to include the disclosures required by sections 720.401(l)(a) and (l)(b) renders the contract voidable under section 720.401(l)(c). Florida Farm exercised its right to void the contract by timely notifying the Developer that it was canceling the contract and demanding the return of its deposit. Florida Farm was thus entitled to the return of its deposit pursuant to section 720.401.
When the Developer refused to refund the escrowed deposit, Florida Farm filed a lawsuit against the Developer seeking to rescind the contract and for a refund of its deposit. The four-count complaint asserts claims for: (1) violation of Chapter 720 of the Florida Statutes; (2) rescission; (3) violation of Miami-Dade County Code of Ordinances Section 93-21; and (4) violation of Florida’s Deceptive and Unfair Trade Practices Act. On October 28, 2008, the trial court dismissed Florida Farm’s complaint with prejudice, finding that because the unit Florida Farm purchased was a condominium unit, regulated under Chapter 718, the Developer was exempt from the section 720.401 disclosure requirements.
The trial court’s finding is based on its interpretation of section 720.401(2), which provides that “[tjhis section does not apply to any association regulated under chapter 718 ... and also does not apply if disclosure regarding the association is otherwise made in connection with the requirements of chapter 718.” The trial court and the majority opinion interpret this provision to mean that because the unit Florida Farm purchased is a condominium; Florida Farm was required to be a member of a condominium association and the condominium association is governed by Chapter 718, and Florida Farm was provided with the disclosures required under Chapter 718, the additional disclosures mandated under Chapter 720 were not required. To interpret section 720.401(2) as the trial court and the majority have interpreted it, however, ignores the fact that Florida Farm’s unit is burdened and controlled by both Chapters 718 and 720, and Florida Farm must belong to the condominium association and the Homeowners’ Association. Although Florida Farm owns an equal undivided fractional interest in the common elements of the property maintained by its condominium association, it *816 owes separate and different obligations to the Homeowners’ Association, which owns .the remainder of the common property. The trial court’s and the majority’s interpretation also ignores the purpose of the Chapter 720 disclosures, which is to ensure that purchasers subject to homeowners’ associations are informed of their obligations as members of the homeowners’ associations — obligations separate from, and in addition to, their obligations as members of a condominium association.
The plain meaning of section 720.401(2), when read in pari materia with chapter 720, is clear and unambiguous. A developer or owner when selling a condominium unit to a purchaser, who will be required to be a member of a condominium association governed by Chapter 718, is not required to provide the purchaser with the disclosures required under section 720.401, which regulates homeowners’ associations. However, if the development also consists of non-condominium units and the purchaser will also be required to be a member of a homeowners’ association, the developer or owner must provide the purchaser with the disclosure summary and the cancellation right disclosure required under section 720.401, unless disclosure of the homeowners’ association is provided in connection with the disclosures provided to the purchaser under Chapter 718.
To hold otherwise would defeat the purpose of the statute — which is to inform all purchasers of property subject to a homeowners’ association of important rights and obligations without having to read and understand the usually complicated and lengthy governing documents.[1] To hold otherwise would also treat residential property owners, who must belong to the same homeowners’ association and who will share the same rights, responsibilities, and obligations, differently for no reason other than the configuration of their unit.
Florida Farm purchased a condominium unit within the 360 Development. Florida Farm is required to belong to the 360 Development’s Homeowners’ Association. The Homeowners’ Association is governed by Chapter 720. Section 720.401 requires that certain disclosures be provided to all purchasers of property regulated by a homeowners’ association. These disclosures were not provided to Florida Farm. Because the Developer failed to comply with section 720.401, Florida Farm was entitled to cancel its contract with the Developer and to receive a refund of its deposit. Thus, dismissal of Florida Farm’s complaint was error.
Accordingly, I respectfully dissent from the majority’s opinion holding otherwise.

. A homeowners’ associations’ governing documents usually consist of the Articles of Incorporation, a Declaration (which serves as the homeowners’ association’s "constitution”), and the Bylaws.